CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN 1 5 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MALCOLM SHABAZZ HINES, <br> Petitioner, | Civil Action No. 7:07CV00360 |
| v. | MEMORANDUM OPINION |
| GENE M. JOHNSON, VA DEPT. OF CORRECTIONS, <br> Respondent. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Malcolm Shabazz Hines ("Hines"), a former Virginia inmate[1] proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hines alleges several instances of ineffective assistance of counsel. On August 23, 2007, respondent filed a motion to dismiss and Rule 5 answer. Hines was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), but has failed to file a response, making the matter ripe for consideration.[2] For the following reasons, I find that Hines' petition is untimely and conclude that respondent's motion to dismiss must be granted.

I

On November 24, 2003, Hines pleaded guilty to possession with the intent to distribute cocaine, in violation of Va. Code § 18.2-248, and distribution of cocaine, in violation of Va. Code § 18.2-248(C). On that same date, the Staunton Circuit Court sentenced Hines to a total of 12 years incarceration, with

---

[1] Hines was previously incarcerated at Augusta Correctional Center located in Craigsville, Virginia, but was released from state custody to a federal detainer and transferred to a Federal Transfer Center ("FTC") in Oklahoma City, Oklahoma. Although Hines is no longer incarcerated in Virginia, I note that venue in the Western District of Virginia is still proper, pursuant to 28 U.S.C. § 2241(d), as Hines was convicted in the Staunton Circuit Court, which is located in the Western District of Virginia, and he was in state custody at the time he filed this petition. See Spencer v. Kemna, 523 U.S. 1, 7 (1998).

[2] On August 15, 2007, Hines informed the court that he had been released from the custody of the Virginia Department of Corrections ("VDOC") and that he was currently in federal custody and in transit due to a prior parole violation. On August 24, 2007, the court attempted to notify Hines of respondent's motion to dismiss and Rule 5 answer; however, the notice was returned as undeliverable. According to the Bureau of Prisons ("BOP") website at that time, Hines was to be in transit for an "unknown period of time." Accordingly, the court construed Hines' August 15, 2007 letter as a motion for an extension of time and granted Hines thirty days from the date of entry of the September 4, 2007 order to respond to respondent's motion to dismiss. A copy of that order was also returned as undeliverable on September 10, 2007. On October 10, 2007, the court determined that Hines was located at FTC Oklahoma City. Accordingly, the court sent the appropriate documents to him there and granted him an additional thirty days to respond. On October 29, 2007, the court granted Hines' second motion for an extension of time and determined that his response was due on December 28, 2007. The court has still received no response from Hines and the BOP website indicates that he has now been released from custody.

seven years suspended. Final judgment was entered on November 25, 2003. Hines did not appeal his convictions.

On December 28, 2004, Hines filed a state petition for writ of habeas corpus in the Staunton Circuit Court. In his petition, he alleged several grounds of ineffective assistance and alleged that the conviction was obtained by evidence gained by an illegal search warrant. The Circuit Court dismissed his petition by order entered October 17, 2006. Hines appealed to the Supreme Court of Virginia, which refused the appeal on May 2, 2007.

Hines filed the instant habeas petition on July 2, 2007,[3] claiming that counsel was ineffective for:

(i) failing to impeach Investigator Chris Kinchelow at the suppression hearing regarding Kinchelow's contact with Hines' parole officer;

(ii) failing to appeal the trial court's denial of Hines' motion to suppress;

(iii) failing to conduct an adequate investigation of the prosecution's case and failing to conduct adequate discovery; and

(iv) misrepresenting the contents of a audio recording of an undercover drug buy in which Hines was a participant and refusing to allow Hines to view the tape.

## II

A one-year period of limitation applies to habeas petitions filed under § 2254. 28 U.S.C. § 2244(d)(1).[4] Pursuant to § 2244(d)(2), the one-year period of limitation is tolled while an inmate's

---

[3] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). The record here reflects that Hines signed his petition on July 2, 2007, but it does not disclose the date on which the petition was delivered to prison officials for mailing. Accordingly, out of an abundance of caution, the date of signature, a date that favors Hines, will be used as a default date for the actual filing date.

[4] Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:
   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

(continued...)

"properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). The final judgment of Hines' conviction of the underlying charges was entered on November 25, 2003, and he did not pursue a direct appeal within the thirty day time limit. Va. Sup. Ct. R. 2A:4. Thus, it appears that his conviction became final on December 29, 2003, the last date Hines could have filed a notice of appeal with the Circuit Court.[2] See Lucciola v. Braxton, No. 7:07cv00200, slip op. at *3 (W.D. Va. Aug. 14, 2007). Hines' statutory limitations period for filing a federal habeas petition, therefore, expired on December 29, 2004. Hines filed his state habeas petition on December 28, 2004. Accordingly, the one year period was tolled during the pendency of this properly filed application for state collateral review. At that point, Hines only had one remaining day in which to file his federal habeas petition. The state habeas proceedings concluded when the Supreme Court of Virginia refused Hines' petition for appeal on May 2, 2007. Hines then waited approximately two months, until July 2, 2007, to file his federal habeas petition, well-beyond the requisite one year statute of limitations. As a result, the petition is untimely. Since Hines has not demonstrated any grounds for equitable tolling,[3] the petition must be dismissed.[4]

---

[4](...continued)
State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[2] I note that the thirty days in which to file a notice of appeal actually expired on December 25, 2003. However, Thursday, December 25, 2003, and Friday, December 26, 2003, were state holidays. Accordingly, Monday, December 29, 2003, was the last date that Hines could have filed his notice of appeal. Fed. R. Civ. P. 6.

[3] Equitable tolling is available only in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d.238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998). Hines simply offers no excuse for allowing the federal statutory filing period to elapse. The United States Court of Appeals for the Fourth Circuit has held that a pro se prisoner's failure to understand how the period of limitation operates is an insufficient basis for equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Moreover, I note that because most pro se litigants lack the legal knowledge and education of a trained attorney, Hines'

(continued...)

3

## III

For the stated reasons, I find that Hines' habeas claims are untimely filed. Accordingly, I will grant respondent's motion and dismiss the petition. An appropriate Order shall be entered this day. Petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

**ENTER**: This 15th day of January, 2008

/s/ Jackson L. Kiser
Senior United States District Judge

---

[3](...continued)
circumstances are not exceptional.

[4] Moreover, I cannot find that the state court's determination was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a determination that was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). The state court properly analyzed each of Hines' ineffective assistance of counsel claims under Strickland v. Washington, 466 U.S. 668 (1984), and Hill v. Lockhart, 474 U.S. 52, 59 (1985). That court determined that Hines failed to present any argument demonstrating an objectively reasonable belief that, but for counsel's alleged errors preceding his guilty pleas, he would have pleaded not guilty and insisted on proceeding to trial. Accordingly, the state court reasonably applied the proper standard of review, and its ruling, which is consistent with the evidence contained in the record, is entitled to deference under § 2254.